IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DANIEL L. TYLER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00187-O-BP |
| § | |
| ANDREW M. SAUL,[1] § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Daniel L. Tyler ("Tyler") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). ECF Nos. 1 and 16. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's decision.

**I.    STATEMENT OF THE CASE**

Tyler was born on September 25, 1965 and has a bachelor's degree in engineering technology and chemistry. *See* SSA Admin. R. (hereinafter, "Tr.") 88, ECF No. 15-1. His employment history includes work as an instrumentation technician and an electrical technician. Tr. 67. Tyler asserts that a combination of impairments renders him disabled under the SSA. ECF No. 1. Tyler filed applications for a period of disability and DIB on August 4, 2015. Tr. 43. In all

---

[1] Andrew M. Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

applications, he alleged that his disability began on December 19, 2014. Tr. 241. The claim was denied initially and upon reconsideration. Tr. 43. Tyler requested a hearing, which was held before Administrative Law Judge ("ALJ") Darren Hamner on April 5, 2017 in Fort Worth, Texas, with Tyler, his attorney, and a vocational expert ("VE") present. *Id.* The ALJ issued his decision on December 20, 2017, finding that Tyler was not disabled. Tr. 40.

Specifically, the ALJ employed the statutory five-step analysis and established during step one that Tyler had not engaged in substantial gainful activity since December 19, 2014, the alleged onset date. Tr. 44. At step two, he determined that Tyler had severe impairments of multiple sclerosis ("MS") with a history of optic neuritis and unspecified residual mental disorder/cognitive dysfunction and obesity. Tr. 45. At step three, the ALJ found that Tyler's impairments did not meet or equal in combination one of the impairments listed in 20 C.F.R. pt. 404(p). Tr. 52.

At step four, the ALJ ruled that Tyler had the residual functional capacity ("RFC") to perform light work with the following abilities and limitations: lift and carry twenty pounds occasionally and ten pounds frequently; sit six hours in an eight-hour workday; stand and walk six hours in an eight-hour workday; no climbing ladders, scaffolds, or ropes; only occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; and no work around hazards such as unprotected dangerous machinery or working at unprotected heights. Tr. 53. Additionally, he determined that Tyler could perform jobs involving simple tasks and could work full-time at this RFC on a sustained ongoing basis. Tr. 54. He concluded that Tyler was unable to perform his past relevant work. Tr. 67. At step five, he found that considering Tyler's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he could perform. *Id.*

The Appeals Council denied review on January 9, 2019. Tr. 1. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II. STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404 (2020). The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2020); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be engaged in any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)–(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *see Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the impairments must prevent the claimant from returning to past relevant work. *Id.* § 404.1520(a)(4)(iv). Before this step, the ALJ assesses

the claimant's RFC, which is "the most [a claimant] can still do despite [the claimant's] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). Fifth, impairments must prevent the claimant from doing any work after considering the claimant's RFC, age, education, and work experience. *Crowley*, 197 F.3d at 197–98; 20 C.F.R. § 404.1520(a)(4)(v).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he or] she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

This Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Id.*; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and

not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (internal punctuation omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III.   ANALYSIS

Tyler raises four issues on appeal. He claims that the ALJ (1) failed to include all of his vocationally significant limitations in determining his RFC; (2) provided inconsistent assessments of his mental limitations; (3) failed to give due consideration to medical opinion evidence; and (4) failed to establish the existence of work which he could perform. ECF No. 16 at 1-2.

**A.   The ALJ recognized and considered all vocationally significant impairments.**

Tyler argues that the ALJ failed to properly consider the opinions of various medical sources when determining his RFC. ECF No. 16 at 6-8. Specifically, he maintains that the ALJ failed to include in his RFC determination the report of Steven Peters, Psy.D., a psychologist who evaluated Tyler on April 2014 and opined that Tyler evidenced deficits in mental control, impaired recall of newly learned information, a marked subcortical memory retrieval deficit, significantly reduced verbal fluency, slowed cognitive processing speed, and executive dysfunction, which were among the most common deficits associated with MS. *Id.* at 7; Tr. 412. He also contends that the ALJ did not incorporate the findings of Angela Eastvold, Ph.D. that Tyler has significantly impaired sustained attention, working memory, and processing speed; significant deficits in confrontation naming and verbal fluency; severe impairment in verbal learning and memory; and severely impaired abstract problem solving and generative fluency. ECF No. 16 at 8; Tr. 387-388. Additionally, he argues that the ALJ erred by failing to consider the findings of Jeffrey Groves, M.D., that Tyler could recall zero of three words and that he had slight loss of strength in the left leg, impaired sensation to light touch and vibration in the legs, and gait spasticity. ECF No. 16 at 8; Tr. 432.

The Commissioner responds that the ALJ based his RFC determination on the credible medical, testimonial, and documentary evidence of record showing that Tyler could perform a reduced range of light work despite his allegations of disability. ECF No. 17 at 4. Specifically, he asserts that the ALJ considered

> the medical opinions of record; the nature, location, duration, frequency, and intensity of Plaintiff's alleged symptoms; precipitating and aggravating factors; medications that Plaintiff has taken and the effectiveness of these medications in managing his [MS]; side effects that Plaintiff has reported, or the lack thereof; Plaintiff's work history; the testimony of Plaintiff's spouse; and the functional limitations that arose from Plaintiff's impairments, which the ALJ squarely addressed in his [RFC] determination.

ECF No. 17 at 5. The Commissioner further asserts that the ALJ took into account Tyler's robust daily activities that contradict his allegations of debilitating mental and physical symptoms, including, but not limited to, his preparing meals daily, doing chores, attending to his personal needs and taking his medication without reminders, and getting along with family members, friends, neighbors, or others without any problem. *Id.* at 5-6.

By definition, a claimant's RFC is the most the claimant can still do despite the claimant's impairments and any related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (2020). The ALJ is not required to expressly state in the RFC the limitations on which it is based. *Cornejo v. Colvin*, No. EP-11-cv-470-RFC, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013) (citing *Bordelon v. Astrue*, 281 F. App'x 418, 422–23 (5th Cir. 2008) (per curiam)). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§§] 404.1545 and 416.945." SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996). The functions in paragraphs (b), (c), and (d) relate to physical, mental, and other abilities. The ALJ

6

considers the nature and extent of the claimant's physical, mental, and other relevant limitations. 20 C.F.R. § 404.1545.

In determining a claimant's physical limitations, the ALJ considers evidence of the claimant's abilities to sit, stand, walk, lift, carry, push, pull, and perform other physical functions. *Id.* § 404.1545(b). In determining the claimant's mental limitations, the ALJ considers evidence of the claimant's abilities to understand, remember, and carry out instructions, as well as respond appropriately to supervision, co-workers, and work pressures in a work setting. *Id.* § 404.1545(c). The ALJ uses what is known as the "paragraph B criteria" to rate the degree of the claimant's mental limitations in four areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* § 404.1520a; *see id.* Part 404, Subpart P, Appendix 1. Finally, the ALJ considers limitations and restrictions that affect other work-related abilities. *Id.* § 404.1545(d). The Court's review of the ALJ's decision is limited to reviewing whether the ALJ applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Hollis*, 837 F.2d at 1382; *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

Here, the ALJ's opinion reflects that he applied the correct legal standards by identifying Tyler's physical and mental limitations and assessing his work-related abilities on a function-by-function basis. *See* Tr. 45–66. By explicitly considering all symptoms and the extent to which they can reasonably be accepted as consistent with the objective medical evidence in accordance with the requirements of 20 C.F.R. § 404.1527, the ALJ provided a sufficient explanation showing that he considered Tyler's physical and mental limitations in making the RFC assessment. Tr. 53-66.

The record reflects that the ALJ considered Tyler's activities of daily living, treatment, medication side effects, work history, statements by Tyler, and observations and statements of third parties, *Id.* Moreover, to the extent that Tyler argues that the ALJ failed to consider medical opinion evidence by declining to explicitly list each piece of evidence considered, "[t]he ALJ's failure to mention a particular piece of evidence does not necessarily mean that he failed to consider it[.]" *Hammond v. Barnhart*, 124 F. App'x. 847, 851 (5th Cir. 2005). Because Tyler has not shown that no credible evidentiary choices or medical findings support the ALJ's RFC finding, and the record shows that the ALJ made the proper considerations in determining the RFC, the undersigned finds that substantial evidence supports the ALJ's RFC determination. Reversal of the ALJ's opinion is not required on this point.

**B.    The ALJ's inconsistent assessments of Tyler's mental limitations is harmless error and does not affect the substance of the findings.**

Tyler argues that the ALJ erred by providing inconsistent assessments of his mental limitations by referring to his difficulties in understanding, remembering, or applying information as both "mild" and "moderate." ECF No. 16 at 9. The Commissioner contends that the inconsistency is merely an inadvertent misstatement or scrivener's error that does not merit remand. ECF No. 17 at 6.

While Tyler is correct that the ALJ erred by referring to his difficulties in understanding, remembering, or applying information as both "mild" and "moderate," this error does not warrant remand because it is harmless. As discussed above, if there is evidence of a medically determinable mental impairment, the ALJ is required to rate the degree of functional limitation it causes in four areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. 20 C.F.R. § 404.1520a(c)(3). The ALJ classifies the claimant's limitations in each area according to the

following five-point scale: none, mild, moderate, marked, or extreme. *Id.* § 404.1520a(c)(4). To meet the requirements of the Listing, the claimant must demonstrate either an extreme limitation in one of the four areas or marked limitations in two areas. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(b). In contrast, if the ALJ finds "none" or "mild" in all four areas, he will find a claimant's impairments not severe. *Id.* § 404.1520a(d)(1). The ALJ assesses the claimant's RFC if the ratings fall in between those two extremes. *Id.* § 404.1520a(d)(3). Here, because neither a mild nor moderate limitation in understanding, remembering, or applying information is consistent with a listing-level impairment, any error was harmless. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

**C.   The ALJ properly determined how much weight to accord the medical opinions.**

Tyler argues that the ALJ failed to give due consideration to medical opinion evidence by refusing to give controlling weight to the opinion of Dr. Peters "because it was an opinion on an administrative finding reserved to the Commissioner . . . ." ECF No. 16 at 10; Tr. 50. He also contends that the ALJ failed to properly evaluate medical opinion evidence because he did not apply the factors set forth in 20 C.F.R. 404.1527 to evaluate the opinion evidence nor point to any evidence that would contravene the expert medical opinion. ECF No. 16 at 11. The Commissioner responds that Dr. Peters's opinion that Tyler was totally disabled or unable to work is an opinion on an issue reserved to the Commissioner and is not entitled to controlling weight or special significance. ECF No. 17 at 7. The Commissioner further contends that the ALJ gave specific and legitimate reasons for giving little weight to Dr. Peters's opinion and that nothing more was required. *Id.*

> It is well established that
>
> [t]he opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in

9

> determining disability. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence. The opinion of a specialist generally is accorded greater weight than that of a non-specialist.
>
> Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has sole responsibility for determining a claimant's disability status. [T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. The treating physician's opinions are not conclusive. The opinions may be assigned little or no weight when good cause is shown. Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence.

*Newton*, 209 F.3d at 455-56 (quotations and citations omitted) (ellipsis and brackets in original).

In assessing Tyler's RFC, the ALJ did not give controlling weight to Dr. Peters's opinion from April 7, 2014. Tr. 50, 417. The ALJ found that Dr. Peters's opinion that Tyler was unable to work due to significant MS-related cognitive deficits was not a medical opinion but rather an administrative finding that is reserved to the Commissioner. Tr. 50. A medical source's opinions on some issues are not medical opinions, but are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e. that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d). Thus, a treating source's statement or opinion that a claimant is "disabled" or is "unable to work," is not a medical opinion, but a legal conclusion on an issue reserved to the Commissioner and is not given "special significance." 20 C.F.R. § 404.1527(e). The factors set out in the regulations apply to medical opinions, not to opinions reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1)-(3); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). Accordingly, the ALJ was not required to analyze Dr. Peters's opinion under the factors set forth in 20 C.F.R. 404.1527(d)(2) and properly concluded that the finding that Tyler was unable to work was reserved to the Commissioner.

The ALJ also gave little weight to Dr. Peters's opinion regarding Tyler's ability to work, the severity of his impairments, and his limitations "because they were inconsistent with and not supported by the objective medical evidence, examination findings, and other evidence, including [his] activities of daily living." Tr. 50. The ALJ carefully went through each treatment record from University of Utah Health Care, Dr. Peters, Dr. Groves, and state agency medical consultants. *See* Tr. 45-66. He identified evidence that indicated Tyler has had good, full, or normal strength; good, full, or normal range of motion of his back, joints, and extremities; and normal gait and station at times. *Id.* Regarding Tyler's mental impairments, the ALJ also noted medical evidence indicating that Tyler was oriented, his recent and remote memory was within normal limits, and his attention span, concentration, speech, and language were normal. *See id.* Additionally, the ALJ discussed at length Tyler's activities of daily living, observing that his engagement in such activities demonstrated that he was not disabled or as physically limited as alleged and that he did not have disabling cognitive impairments. Tr. 51, 56, 65-66.

Based on the entire record, the ALJ's reasoning for affording Dr. Peters's opinion little weight is supported by good cause and substantial evidence. Accordingly, there is no error in the ALJ's consideration of, and assignment of weight to, Dr. Peters's opinions.

**D.      The ALJ properly established the existence of other work, in significant numbers, that Tyler can perform.**

Tyler argues that the ALJ's hypothetical question to the VE failed to include the significant limitations established in the record. ECF No. 16 at 12. As a result, Tyler claims that the hypothetical question was defective and the VE's response is not substantial evidence sufficient to support the existence of work which Tyler can perform. *Id.*

This Court has noted:

> When an ALJ bases a determination of non-disability on the testimony of a [VE] in response to a hypothetical question, the hypothetical question is defective and constitutes reversible error if either of the following is true:
> 1. The hypothetical question did not incorporate reasonably all disabilities of the claimant recognized by the ALJ, or
> 2. The claimant or his representative was not afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the [VE] any purported defects in the hypothetical question (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question).

*Detwiler v. Astrue*, No. 5:10-cv-00194-BG, 2012 WL 569188, at *4–5 (N.D. Tex. Jan. 19, 2012), *rec. adopted,* No. 5:10-cv-00194-C-BG, 2012 WL 589577 (N.D. Tex. Feb. 22, 2012) (internal citation omitted); *see also Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). Here, neither of the above requirements is true, so the hypothetical question is not defective.

As discussed above, the ALJ's RFC determination was proper because substantial evidence supported it. At the hearing, the ALJ presented hypothetical questions to the VE that reasonably incorporated the elements of his RFC determination and the physical and mental limitations that he recognized. Tr. 67-68, 122-125. Further, Tyler has not raised any issue that he was deprived of his right to correct any deficiencies in the questions at the administrative hearing by mentioning or suggesting any defects in the questions. Substantial evidence supports the hypothetical questions, and reversal on this basis under *Detwiler* is not required. Accordingly, the ALJ properly relied on the VE's testimony to deny Tyler's claim at step five, and Tyler's argument to the contrary is unavailing.

### IV.   CONCLUSION

The ALJ properly evaluated all vocationally significant impairments in his RFC assessment. Further, his inconsistency in referring to Tyler's difficulties in understanding, remember, or applying information as both "mild" and "moderate" is harmless error. The ALJ

properly considered the medical opinion evidence and established at step five the existence of work in significant numbers that Tyler can perform. In doing so, the ALJ applied the correct legal standards, and substantial evidence supports his decision. For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **AFFIRM** the Commissioner's decision.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed on April 6, 2020.

*[signature: Hal R. Ray, Jr.]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE