**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DANIEL L. TYLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00187-O |
| | § | |
| **ANDREW M. SAUL,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed this action on March 4, 2019, seeking judicial review of a final adverse decision of the Commissioner of Social Security ("Commissioner"), who denied his application for a period of disability and disability insurance under the Social Security Act, 42 U.S.C. § 405(g). *See* Compl., ECF No. 1. The Commissioner has filed an Answer, *see* Answer, ECF No. 11, and a certified copy of the transcript of the administrative proceedings, *see* SSA Modified Admin. R., ECF No. 15 (hereinafter "Admin. R., ECF No. 15")[1], including the hearing before the Administrative Law Judge ("ALJ"). The parties have briefed the issues. *See* Pl.'s Appeal, ECF No. 16; Def.'s Br., ECF No. 17; Pl.'s Reply, ECF No. 18. Pursuant to 28 U.S.C. § 636(b), the case was referred to United States Magistrate Judge Hal R. Ray, Jr., for review and submission of proposed findings of fact and recommendation for disposition. On April 6, 2020, the United States Magistrate Judge filed his Findings, Conclusions, and Recommendation ("FCR"), recommending

---

[1] There are two administrative records, ECF No. 13 was superseded by ECF No. 15.

that the Court affirm the final decision of the Commissioner. FCR, ECF No. 19. Plaintiff filed timely objections to the FCR on April 20, 2020. Objections, ECF No. 20.

For the reasons that follow, the Court accepts the FCR after reviewing all relevant matters of record, including the pleadings, legal briefing, transcript of the administrative record, FCR, and the filed objections, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3).

### I.  BACKGROUND

Plaintiff Daniel L. Tyler ("Tyler") brought his action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of his application for a period of disability insurance benefits under Title II of the Social Security Act ("SSA"). Compl., ECF No. 1; Pl.'s Appeal, ECF No. 16. Tyler is a 54-year old male trained in engineering technology and chemistry and was formerly employed as an instrumentation and electrical technician. Admin R. 71, ECF No. 15.

In August 2015, Tyler applied for disability insurance benefits, alleging he had been disabled since December 2014. *Id.* at 246, ECF No. 15. After his claim was denied administratively, Tyler requested a hearing before an ALJ. *Id.* at 172. The ALJ found that Tyler was not disabled. *Id.* at 72.

Specifically, the ALJ followed the five-step analysis[2] prescribed by 20 C.F.R. § 404.1520(a)(4). *Id.* at 48. The ALJ established that: (1) Tyler had not engaged in substantial

---

[2] The Commissioner has promulgated a five-step sequential process to be used by hearing officers in evaluating a disability claim. *See* 20 C.F.R. § 404.1520(b)–(f); *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007). The hearing officer is required to ascertain: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant has an impairment that "meets or equals" a listed impairment in Appendix 1" of the regulations; (4) if the claimant has a "severe impairment" under the regulations, whether the claimant can perform his past work despite any limitations; and (5) if the claimant does not have the residual functional capacity to perform past work, whether the claimant can perform any other gainful and substantial work in the economy,

gainful activity since the alleged onset date; (2) Tyler had severe impairments of multiple sclerosis ("MS") with a history of neuritis and unspecified residual mental disorder/cognitive dysfunction and obesity; (3) Tyler did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) Tyler had the residual function capacity ("RFC")[3] to perform light work with some limitations but was unable to perform his past relevant work ("PRW")[4]; and (5) that there are jobs that exist in significant numbers in the national economy that he could perform. Admin. R. 48–72, ECF No. 15; 20 C.F.R. § 404.1520(a)(4). The ALJ, therefore, found that Tyler was not disabled as defined in the SSA. Admin. R. 72, ECF No. 15.

Tyler appealed the ALJ's decision to the Appeals Council, and the Council denied review on January 9, 2019, making the ALJ's decision the final decision of the Commissioner. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005); Admin. R. 5, ECF No. 15. On April

---

considering his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520(b)–(f). In the first four steps of the evaluation process, the claimant bears the burden of proving disability; on the fifth step, the burden shifts to the Commissioner to show that there is substantial work in the national economy that claimant can perform. *Brown v. Yuckert*, 482 U.S. 137, 146 (1987); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation omitted); *Audler*, 501 F.3d at 448. If the Commissioner meets this burden, the claimant must then prove that he cannot in fact perform the work suggested. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923; *Lovelace v. Brown*, 813 F.2d 55, 58 (5th Cir. 1987) (citation omitted).

[3] Residual functional capacity ("RFC") refers to the claimant's ability to do work despite any physical or mental impairments. 20 C.F.R. 404.1545(a). The ALJ is responsible for assessing and determining residual functional capacity at the administrative hearing level. *Id.* § 404.1546. "RFC is an assessment of an individual's ability to do sustained work related physical and mental activities in a work setting on a regular and continuing basis." *Soc. Sec. Ruling*, SSR 96–8p. The RFC assessment "must include a resolution of any inconsistencies in the evidence." *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001).

[4] Past relevant work ("PRW") refers to work that claimant was already able to do, which shows that claimant may be expected to do that work. 20 C.F.R. §404.1565(a). This work experience applies when it was performed within fifteen years of the date of adjudication (or when the disability insured status requirement was last met, if earlier), lasted long enough for claimant to learn to do it, and when it was substantial gainful activity. *Id.*

6, 2020, the Magistrate Judge issued his FCR overruling Tyler's arguments that the ALJ erred in his consideration of Tyler's treating physicians opinions in determining Tyler's RFC and posed a deficient hypothetical question to the vocational expert ("VE"), which then rendered the VE's response insufficient evidence to support the ALJ's decision. The Magistrate Judge recommends that the Court affirm the Commissioner's decision. FCR 1, ECF No. 19.

On April 20, 2020, Tyler filed his objections to the Magistrate Judge's FCR and seeks judicial review of the Commissioner's decision for four reason: (1) the ALJ failed to give due consideration to the opinions of Tyler's treating and examining physicians; (2) the ALJ failed to consider all of Tyler's functional limits while determining Tyler's RFC; (3) the ALJ's hypothetical question to the VE was deficient because the ALJ failed to pose such limitations to the VE; and (4) the response of the VE to the hypothetical question is not substantial evidence sufficient to support the ALJ's conclusion at step 5 of the sequential evaluation of disability because the question was deficient. Pl.'s Obj. 1–2, ECF No. 20.

## II.    LEGAL STANDARDS

The Court conducts a *de novo* review of the portions of the FCR to which a party objects. Anything that the claimant did not specifically object to is reviewed for plain error. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's FCR and recommendation where the disputed determination is found. An objection that merely incorporates by reference, or refers to, the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

on grounds of plain error. *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

    Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation omitted); *Ripley v. Charter*, 67 F.3d 552, 555 (5th Cir. 1995). The Commissioner's decision must be affirmed if it is supported by substantial evidence. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 1988). Substantial evidence means "such relevant evidence as a responsible mind might accept to support a conclusion." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (cleaned up); *Richardson v. Perales*, 402 U.S. 389, 401 (1977); *accord Copeland*, 771 F.3d at 923. It is more than a scintilla, but less than a preponderance. *Boyd*, 239 F.3d at 704; *Perales*, 402 U.S. at 401; *Copeland*, 771 F.3d at 923; *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). The district court may not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Copeland*, 771 F.3d at 923 (cleaned up); *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). The Court must scrutinize the record, however, to ascertain whether substantial evidence supports the Commissioner's findings. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452 (citation omitted). A finding of no substantial evidence is appropriate only when there are no credible evidentiary choices or medical evidence to support the Commissioner's decision. *Johnson*, 864 F.2d at 343–44.

    A disabled worker is entitled to monthly benefits under the Social Security Act if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in

substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of twelve months. *Id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. *See* n. 2.

### III. ANALYSIS

The magistrate judge recommends that the Court affirm the Commissioner's decision. FCR 1 and 13, ECF No. 19. Tyler's objections to the FCR present four related arguments. Tyler argues that (1) the ALJ impermissibly discounted the opinions of his treating physicians, which (2) caused the ALJ's RFC determination to fail to include all alleged limitations. Pl.'s Obj. 1–2, ECF No. 20. Tyler also argues that (3) the hypothetical question to the VE regarding Tyler's RCF was deficient because the ALJ did not include all of Tyler's alleged limitations and (4) the VE's answer is not sufficient evidence upon which the ALJ could rely in making his determination because the question was deficient. *Id.*

The Court overrules Tyler's objections and affirms the Magistrate Judge's FCR because the Commissioner's determination of Tyler's RFC is based on the correct legal standard and is supported by substantial evidence.

#### A. The ALJ was not required to assign great weight to the opinions of Doctors Eastvold, Groves, or Peters.

Tyler argues that the ALJ did not afford sufficient weight to the opinions of his treating physicians, namely Dr. Eastvold, Dr. Groves, and Dr. Peters. Pl.'s Obj. 3, ECF No. 20.

"[O]rdinarily, the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) (internal

citation and quotations omitted). However, "the treating physician's opinions[]are far from conclusive." *Id.* "The ALJ has the sole responsibility for determining the claimant's disability status." *Id.* (internal citation and quotations omitted). Accordingly, the ALJ may give the physicians testimony "less weight, little weight, or even no weight" when good cause is shown. *Id.* The good cause exceptions recognized by the Fifth Circuit "include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id.* (internal citation omitted). In sum, it is the province of the ALJ "to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." *Id.* (citing 20 C.F.R. §404.1527(c)(2) "If any of the evidence in your case record, including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, we will weigh all the other evidence and see whether we can decide whether you are disabled based on the evidence we have.").

The remarks by Dr. Peters were brief and conclusory in nature. Admin R. Ex. 3F (Neurological Report, dated 04/070/2014, from Intermountain Valley Sports Medicine) at 415–17, ECF No. 15. Dr. Peters described the symptoms and history of Tyler's illness and recommended that Tyler should go on disability. *Id.* The remarks by Dr. Eastvold were diagnostic and conclusory and entailed a recommendation for Tyler's work. Admin R. Ex. 1F (Office Treatment Records, University of Utah Health Care) at 388–98, ECF No. 15. Dr. Eastvold's opinion is that Tyler was disabled at the time of evaluation and may progress to long-term disability. *Id.* at 389. According to Dr. Eastvold, Tyler would "be successful in a position that was more structured, supervised, and routine with less requirements of independent decision-making, flexible thinking and problem solving." *Id.* The remarks by Dr. Groves were brief and conclusory. Admin. R. Ex. 3F (Treating Source Statement, dated 04/07/2014, from Intermountain Valley Sports Medicine) 429–32, ECF

No. 15. Dr. Groves' opinion is that Tyler "will not be able to work at this time" and he "d[id] not anticipate [Tyler]'s condition changing." Admin. R. Ex. 4F (Treating Source Statement, dated 01/12/2015 to 06/16/2015, from Jeffrey Groves, MD) 426–27.

Whether or not Tyler should go on disability, is disabled, and has the capacity for work are not medical opinions, but legal and administrative ones. In fact, these are the very legal determinations that are "reserved to the Commissioner." 20 C.F.R. § 404.1527(e); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (treating physician's opinion was that claimant was "unable to work because of [her injury]").

The ALJ permissibly discounted the weight of Tyler's treating physicians' opinions because they were conclusory as to his disability and contradictory to other evidence of record. Admin. R. 54–55, ECF No. 15. The ALJ placed significant weight on the opinions of the State agency medical consultants. Admin R. 55, ECF No. 15. It is the province of the Commissioner to determine whether a claimant is disabled by considering the medical evidence supplied by treating and examining physicians. 20 C.F.R. § 404.1527(d). Accordingly, Tyler's objection that the ALJ impermissibly discounted the weight given to Dr. Peters, Dr. Eastvold, and Dr. Groves is **OVERRULED**.

### B. The ALJ did not fail to consider all of Tyler's functional limitations in determining his RFC.

Tyler argues that the ALJ failed to perform a function-by-function assessment in his RFC determination, because the ALJ failed to include all the limitations described by Tyler's doctors. Pl.'s Obj. 2, ECF No. 20. Furthermore, Tyler argues that the ALJ did not provide an adequate basis for failing to consider those limitations. *Id.* However, "there is no statutorily or judicially imposed obligation for the ALJ to list explicitly all the evidence he takes into account in making his findings," so long as there is sufficient information in the record to perform a function-by-function

assessment and he articulates the weight given to experts. *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005); *see also Myers v. Apfel*, 238 F.3d 617 (5th Cir. 2001). Furthermore, failing to mention a particular piece of evidence would not be reversible error because the ALJ stated explicitly that he considered the entire record in his decision, which includes the medical opinions. *See Hammond*, 124 F. App'x at 851.

The ALJ determined that Tyler had the RFC to perform light work with the following abilities and limitations: lift and carry twenty pounds occasionally and ten pounds frequently; sit for six hours in an eight-hour workday; no climbing ladders, scaffolds, or ropes; only occasional climbing ramps and stairs; balancing, stooping, kneeling, crouching, and crawling; and no work around hazards such as unprotected dangerous machinery or working at unprotected heights. Admin. R. 57–58, ECF No. 15. Additionally, the ALJ concluded that Tyler could perform jobs entailing simple tasks on a sustained full-time basis. *Id.*

The Fifth Circuit requires an ALJ to perform a "function-by-function assessment" of a claimant's capacity to perform sustained work-related physical, mental, and other pertinent activities. *Myers*, 238 F.3d at 620–21. "[W]ithout an initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work," much less any work requiring a lesser capacity. *Id.* at 620.

Here, the ALJ's RFC determination was supported by substantial evidence and satisfies the function-by-function assessment requirement set out in *Myers v. Apfel*. The ALJ considered Tyler's daily actives, an MMSE test conducted by a social security examiner, and the medical opinions of record; the nature, location, duration, frequency, and intensity of Tyler's alleged symptoms; precipitating and aggravating factors; medications that Tyler has taken and the

effectiveness of these medications in managing his MS; side effects that Tyler has reported, or the lack thereof; Tyler's work history; the testimony of Tyler's spouse; and the functional limitations that arose from Tyler's impairments, which the ALJ squarely addressed in his RFC determination. Admin R. (Findings of Fact and Applicable Law) 48–72, ECF No. 15; Admin R. Ex. 3F (Neurological Report, dated 04/07/2014, from Intermountain Valley Sports Medicine) 415–17, ECF No. 15.

The ALJ based his decision in part on the physician testimony of record and the state examiner's reports, which contain evaluations of Tyler's physical and mental capacities and a function-by-function analysis of the impact of his impairments on various pertinent tasks. Admin R. Ex. 3F (Neurological Report dated 04/07/2014, from Intermountain Valley Sports Medicine), ECF No. 15; Admin R. Ex. 4F and 5F (Treating Source Statement, dated 01/12/2015 to 06/16/2016, from Jeffrey Groves, MD; Office Treatment Records, dated 11/16/2009 to 06/19/2015, from Jeffrey Groves, MD), ECF No. 15. An RFC assessment that is partly based on the function-by-function analysis contained in a state examiner's medical report satisfies the legal standard in *Myers v. Apfel*. *See Onishea v. Barnhart*, 116 F. App'x 1, 2 (5th Cir. 2004). The ALJ's determination was based on the physical reports of record, Tyler's testimony, and the testimony of Tyler's spouse, and is therefore supported by substantial evidence and satisfies the *Myers v. Apfel* standard. The ALJ was not required to explicitly state every function and limitation on which he based his decision. Tyler's objection is **OVERRULED.**

### C. The ALJ's hypothetical question posed to the VE was not defective.

Tyler argues that the ALJ's hypothetical question was deficient because the ALJ failed to include all of Tyler's alleged functional limitations. Pl.'s Obj. 6, ECF No. 20. The hypothetical posed by the ALJ to the VE is as follows:

> **ALJ**: I'll ask you to consider a person of Mr. Tyler's age, education and work history with the ability to perform work as follows. We're looking at no exertional restrictions, with workplace restrictions on only occasional climbing of ramps and stairs, no climbing of ladders, ropes, or scaffolding, no working around hazards such as unprotected heights or dangerous moving machinery, and we're going to put a restriction to just simple job tasks. By simple I'm talking about routine, repetitive tasks that have little variation in the duties and involve just simple judgment making . . . Could such a person perform past work?
>
> **VE**: No.
>
> **ALJ**: Would there be any jobs that such a person could perform?
>
> **VE**: Yes . . . such unskilled work such as an Industrial Sweeper Cleaner . . . Hand Packager . . . Box bender . . . Label Coder . . . Folder . . .
>
> **ALJ**: Would there be any jobs that such a person could perform?
>
> **VE**: Yes, Your Honor. We would have some unskilled jobs such an individual could perform.

Admin. R. (TRANHR, dated 04/05/2017) 125–29, ECF No. 15. The test for determining when a defective hypothetical question will produce reversible error is:

> Unless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions…a determination of non-disability based on such a defective question cannot stand.

*Boyd*, 239 F.3d at 707; *see also Morris v. Bowen*, 864 F.2d 335 (5th Cir. 1988). In other words, the hypothetical question to the VE "cannot provide substantial evidence supporting the denial of benefits unless: (1) the hypothetical reasonably incorporates all [of Tyler's disabilities] recognized by the ALJ; and (2) [Tyler was] afforded the opportunity to correct the deficiencies in the question." *See Medley v. Astrue*, No. 7:11-CF-0053-O-KA, 2011 WL 6840576 at *3 (N.D. Tex. Dec. 29, 2011) (citing *Boyd* and *Morris*).

11

The hypothetical question here is not defective under this two-part test. First, the hypothetical question posed to the VE by the ALJ mirrors the language of the ALJ's RFC determination, and as such includes all limitations that the ALJ found in making that determination. Admin. R. 57–58, ECF No. 15; Admin R. (TRANHR, dated 04/05/2017) 125–29, ECF No. 15. Additionally, Tyler asserts "that the ALJ took into account Dr. Eastvold's opinion as to [Tyler's] need for tasks which are 'very routine with less requirements of independent decision making, flexible thinking and problem solving,'" but did not address the "additional restrictions with regard to structure and supervision." Pl.'s Obj. 6, ECF No. 20 (quoting Admin R. (Neurological Report, dated 04/07/2014, from Intermountain Valley Sports Medicine) 389, ECF No. 15). Dr. Eastvold's recommendations are not controlling—as addressed above—and the ALJ was free to accept all, none, or part of the expert recommendations as he did here. *See Greenspan*, 38 F.3d at 237. Accordingly, the omission of "structure and supervision" from the hypothetical question does not render it defective. Therefore, the hypothetical "incorporate[s] reasonably all disabilities of the claimant recognized by the ALJ" and satisfies the first part of the *Boyd v. Apfel* test. *Boyd*, 239 F.3d at 707.

Second, Tyler and his representing attorney were present at the hearing when the ALJ posed the hypothetical question to the VE. Admin R. (TRANHR, dated 04/05/2017) 88, ECF No. 15. Tyler had the opportunity to raise any issues by mentioning or suggesting any defect in the question and he did not do so. *Id.* at 126, 129.[5] Therefore, Tyler was afforded the opportunity to correct deficiencies in the ALJ's question as required by the second part of the *Boyd v. Apfel* test.

---

[5] Before starting the examination of the VE, the ALJ asked, "Counsel, any objection to Ms. Eike as a Vocational Expert?" to which Tyler's attorney responded, No objection, Your Honor." Admin R. (TRANHR, dated 04/05/2017) 126, ECF No. 15. After concluding the examination of the VE, the ALJ asked, "Council, any questions that you have?" to which Tyler's attorney responded, "Your Honor, we feel the record fully supports the last four hypotheticals, and for that reason we have no other questions for our Vocational Expert." *Id.* at 129.

*Boyd*, 239 F.3d at 707. Because both parts of the *Boyd v. Apfel* test are satisfied, the hypothetical question was not defective. As such, Tyler's objection is **OVERRULED**.

### D. The VE's response to the hypothetical question was substantial evidence sufficient to support the ALJ's conclusion.

Tyler argues that the VE's response to the hypothetical question was not substantial evidence sufficient to support the ALJ's ultimate conclusion because the question was defective. Pl.'s Obj. 6, ECF No. 20. It is true that a determination of non-disability based on the VE's answer to a defective question is not supported by substantial evidence and cannot stand. *Boyd*, 239 F.3d at 707. However, as previously discussed, the hypothetical question in this case was not defective. Therefore, Tyler's argument that a defective question rendered the answer insufficient evidence is without merit and the objection is **OVERRULED**.

## IV. CONCLUSION

Having conducted a *de novo* review of all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Tyler's filed objections, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the undersigned District Judge believes that the Findings and Conclusions of the magistrate judge are correct, and they are accepted as the Findings and Conclusions of the Court.

Accordingly, it is **ORDERED** that the Commissioner's decision is **AFFIRMED**.

**SO ORDERED** on this **4th day** of **August, 2020.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE